5/11/2012    McKinney Ruling

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2012 MAY 16 P 4:04

WILLIAM J. MCKINNEY,
  plaintiff

v.

OFFICER MCGOLDRICK, ET AL.,
  defendants.

PRISONER
CASE NO. 3:11-cv-1876 (AVC)

DISTRICT COURT
HARTFORD CT

## RULING AND ORDER

The plaintiff is currently incarcerated at the Northern Correctional Institution in Somers, Connecticut ("Northern"). He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 and names Correctional Officers McGoldrick, Massop, Vasquez, Rodney, Prior, Farley and John Doe, Lieutenants Michael Pafumi, Nelson Correia and Molden and Nurses Wendy Saunders, Colleen and Jane Doe.

As a preliminary matter, the court considers two motions filed by the plaintiff. The plaintiff moves for an expedited ruling on his motion seeking injunctive relief. The court notes that it has issued an order directing the Attorney General's Office to respond to the plaintiff's motion for injunctive relief. The response is due on or before May 21, 2012. The court will rule on the motion for injunctive relief as soon as it receives the defendants' response to the motion.

The plaintiff also states that he has identified a John Doe defendant listed in the complaint as Correctional Officer Anderson. The plaintiff seeks leave to amend to substitute Correctional Officer Anderson for Correctional Officer John Doe. The motion to expedite is granted to the extent that it seeks to amend the

complaint to identify the John Doe defendant. The clerk is directed to terminate John Doe as a defendant and add Correctional Officer Anderson as a defendant.

The plaintiff has also filed a motion requesting that the undersigned read and review documents attached to the motion. The documents reflect that the court has not issued a temporary restraining order or order for injunctive relief in this action, a video recording was made of an incident involving the plaintiff at Northern on March 28, 2012, another incident involving the plaintiff occurred at the Connecticut Superior Court for the Judicial District of Middlesex in Middletown, Connecticut on March 28, 2012, and the plaintiff pleaded guilty to a prison disciplinary charge of self mutilation that occurred on March 26, 2011. The motion to read and review documents is granted. The court has read the documents attached to the motion.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required,

2

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that on October 19, 2011, officer McGoldrick pushed him into a wall which caused his head to split open. In addition, McGoldrick and officer Rodney allegedly tried to strangle him. The plaintiff states that officer Vasquez stood by and failed to intervene.

Lieutenant Molden then allegedly ordered officer Massop to place the plaintiff in handcuffs that would not lock properly. The plaintiff states that nurse Wendy Saunders failed to treat the plaintiff's injuries. The plaintiff was placed in a cell in

3

restraints.

Later that day, the plaintiff tied a shirt around his neck because he was scared and did not want to live with the abuse by correctional staff. The plaintiff alleges that he suffers from mental illness.

Lieutenant Pafumi came to the plaintiff's cell door and allegedly sprayed mace into the plaintiff's face. The plaintiff states that Pafumi and officers Farley and Anderson threw the plaintiff onto the floor of the cell and roughed him up. Pafumi then allegedly sprayed the plaintiff in the face and back with mace. Officers Farley and Anderson then allegedly bent the plaintiff's wrist back causing the plaintiff pain and cutting his wrist open.

The plaintiff states that nurses Jane Doe and Colleen failed to properly wash the mace out of the plaintiff's nose and off of his face and back. The plaintiff could not see well and could not breath because he had mace in his nose.

Officers Farley and Anderson then allegedly placed the plaintiff in a cell and applied four-point restraints to the plaintiff's arms and legs. The plaintiff states that they applied the restraints so tightly that they cut into the plaintiff's wrists. The plaintiff's back still burned from the mace. The plaintiff remained in four-pint restraints for six hours. Correctional staff then placed the plaintiff in in-cell restraints

for three days. During this time, the plaintiff went on a hunger strike.

The plaintiff states that lieutenants Pafumi and Correia then placed him in a filthy cell. The plaintiff was scared and began to bite his wrist. In response, lieutenant Pafumi allegedly sprayed the plaintiff with mace, officer Farley hit the plaintiff and officer Prior kneed the plaintiff in the back. Officers Farley and Prior then placed the plaintiff in four-point restraints. The plaintiff states that during the application of the restraints, these officers injured the plaintiff's arm and further damaged his wrists. Medical staff allegedly refused to treat the plaintiff's injuries. The plaintiff remained in restraints for two hours. After the plaintiff's release from the restraints, officers allegedly placed him in a filthy cell. The plaintiff seeks monetary damages and injunctive and declaratory relief.

The request for monetary damages against the defendants in their official capacities is barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985) (recognizing that the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); Quern v. Jordan, 440 U.S. 332, 342 (1979) (recognizing that section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, that request is dismissed as to all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2).

The court construes the facts alleged by the plaintiff against officer Vasquez as supporting a plausible claim of failure to protect him from harm in violation of the Eighth Amendment, the facts alleged against officers McGoldrick, Massop, Rodney, Prior, Farley and Anderson and lieutenants Molden, Pafumi and Correia as supporting claims of excessive force and/or deliberate indifference to the plaintiff's safety in violation of the Eighth Amendment and the facts alleged against nurses Wendy Saunders, Colleen and Jane Doe as supporting plausible claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment. Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the case should proceed at this time as to all of these claims against the defendants in their individual capacities and, to the extent that plaintiff seeks injunctive and declaratory relief, in their official capacities.

### ORDERS

The court enters the following orders:

(1)   The motion to read and review documents [**Doc. No. 9**] is **GRANTED** to the extent that the court has read the documents attached to the motion. The plaintiff's motion for expedited ruling **[Doc. No. 8]** on the motion for injunctive relief is **DENIED** to the extent that it seeks an expedited ruling and **GRANTED** to the extent that it seeks to amend the complaint to identify the John Doe defendant as Correctional Officer Anderson. **The clerk is**

**directed to terminate John Doe as a defendant and add Correctional Officer Anderson as a defendant.**

All claims in the complaint against the defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment failure to protect, excessive force, deliberate indifference to safety and deliberate indifference to medical needs claims shall proceed against the defendants in their individual capacities and, to the extent that plaintiff seeks injunctive and declaratory relief, in their official capacities.

(2) Within fourteen (14) days of this order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work address for all defendants except Jane Doe and mail a waiver of service of process request packet to each of these defendants in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of the waiver request. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Within fourteen (14) days of this order, the U.S. Marshals Service shall serve the summons, a copy of the complaint

7

[Doc. No. 1] and this order on the defendants their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint [Doc. No. 1] and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6) Each defendant shall file his or her response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of

the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on nurse Jane Doe until he identifies this defendant by name. The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying this defendant by name. If the plaintiff fails to file a notice within the time specified, the claims against nurse Jane Doe will be dismissed without further notice from the court pursuant to Federal Rule of Civil Procedure Rule 4(m), and the case will proceed only as to the claims against the remaining defendants.

**SO ORDERED** at Hartford, Connecticut this ___ day of May, 2012.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge